The Court.

It is now settled that nothing short of a conviction on an indictment for crimen falsi, and a judgment on the conviction, or a direct interest in the event of a cause, is a sufficient objection to the competency of a witness. Where the witness is in every event liable, and his testimony is to determine to wffiich of the par-lies he shall be liable, he is a competent witness. (a)
As between these parties, Smith was Cushman’s agent to receive from W. the money due on the note. (b) He received from Loker the value of the note in cattle, and delivered him the note. Smith appears to have exceeded his authority in receiving the cattle in payment, and Cushman might, if he pleased, have disaffirmed the contract of his agent. But after full notice of the transaction, and after Smith’s failure, he considered him as his debtor for the amount of W’s. note, and also charged him with the expenses he had been at in endeavoring to obtain satisfaction from W., and took Smith’s note for the payment. This conduct of Cushman, we are all satisfied, is a ratification of the transaction of his agent with Loker.

Judgment according to verdict.

 Emerson & Al. vs. The Providence Hat Manufacturing Company, 12 Mass Rep. 237.

 The general rule, which admits the testimony of agents, applies only to agente employed in the ordinary transactions of commerce, but not to those who are agente in a single transaction merely.—Edmunds vs. Lowe, 8 B. & Cr. 408.