## ADAM KINSLEY *versus* THOMAS ROBINSON.

The drawer of a bill of exchange having no effects in the hands of the acceptor from the time when the bill was drawn to the time when it became due, was held liable without proof of demand and notice of non-payment.

In an action by the indorsee against the drawer of a bill of exchange, the acceptor is a competent witness to prove that he has not had in his hands any funds of the drawer.

ASSUMPSIT on a bill of exchange drawn by the defendant on Daniel M'Intyre, for 500 dollars, payable to the defendant's own order, in four months, and indorsed by the defendant to one Everett, and by Everett to the plaintiff. Trial before *Putnam* J.

It appeared that M'Intyre accepted the bill immediately after it was drawn, but it was not presented to him for payment until more than ten days after it became due, nor was notice of non-payment ever given to the defendant until this suit was commenced.

The defendant objected to the plaintiff's recovery, on the ground of want of seasonable presentment and notice, but the objection was overruled. M'Intyre was admitted as a witness, (the defendant objecting,) to prove that he had no funds in his hands when the bill was drawn, nor ever afterwards, and he was allowed to testify at large on all matters of examination.

A verdict was returned for the plaintiff, on the ground that the drawee had no funds in his hands, the jury thereby finding that the bill was drawn for the defendant's accommodation.

If the rulings of the judge as to the admissibility of M'Intyre as a witness, and as to the liability of the defendant, were correct, the verdict was to stand ; otherwise a new trial was to be granted, or a nonsuit entered, as the whole Court should order.

*Metcalf* and *Cleveland*, for the defendant, cited to the point, that the acceptor was not a competent witness, *Owen* v. *Mann*, 2 Day, 399 ; *Buckland* v. *Tankard*, 5 T. R. 578 ; and to the point, that the defendant, as drawer, was entitled to notice, Bayley on Bills, (Phillips & Sewall's 2d ed.) 305 ; *Orr* v. *Maginnis*, 7 East, 359.

*E. Ames*, for the plaintiff, cited on the first point, *Staples* v *Okines*, 1 Esp. R. 332 ; *Birt* v. *Kershaw*, 2 East, 458 ;

*Nov. 1st*

*Hudson* v. *Robinson,* 4 Maule & Selw. 480 ; and to the point, that a demand and notice were unnecessary, *Hoffman* v. *Smith,* 1 Caines's R. 157 ; *Bickerdike* v. *Bollman,* 1 T. R. 405 ; *Lafitte* v. *Slatter,* 6 Bingh. 623.

*Nov. 2d.*

SHAW C. J. delivered the opinion of the Court.   It seems to be now the settled rule of law, that in an action by the indorsee against the drawer of a bill of exchange, if it appear that the drawer had no effects in the hands of the drawee, from the time the bill was drawn to the time it became due, he is liable without proof of demand and notice of non-payment. *Bickerdike* v. *Bollman,* 1 T. R. 405 ; *Hoffman* v. *Smith,* 1 Caines's R. 157 ; *Sharp* v. *Bailey,* 9 Barn. & Cressw. 44. But this is to be taken with some exceptions of special cases, where the drawee has something equivalent to effects, or has made an express or implied engagement to accept and pay, or the drawer has on any ground a reasonable expectation that the bill will be accepted and paid. *Lafitte* v. *Slatter,* 6 Bingh. 623.

The most difficult question in the present case is, whether the acceptor himself was a competent witness, when called by the plaintiff to prove that he himself, as the drawee, had no effects of the drawer in his hands, and that consequently it was an accommodation acceptance, which rendered the drawer liable, without notice of dishonor.   The Court are of opinion that he was.   The great difficulty in such case, is, to find whether the pecuniary interest of the witness will be increased or diminished by the event of the suit, and if it will not, he is disinterested.   If therefore it can be shown, that he is liable at all events, whatever may be the result of the suit, he is not interested. The point was expressly ruled in *Staples* v. *Okines,* 1 Esp. R. 332, and confirmed by many decisions.   The same general rule has been adopted in Massachusetts.   *Cushman* v. *Loker,* 2 Mass. R. 106.   And in such cases, the possibility of being liable to costs, will make no difference.   *Birt* v. *Kershaw,* 2 East, 458.

Now to test the question by this rule.   M'Intyre is the acceptor of this bill.   The acceptance is *primâ facie* evidence of a debt due from the acceptor to the drawer, in which case the drawer himself might maintain an action on the acceptance ; but this presumption may be controlled by proof that it was an

accommodation acceptance, and then upon payment by the acceptor, he could maintain an action against the drawer, as for so much money paid at his request. Then when M'Intyre, the acceptor, was called as a witness, how would his liability be increased or diminished or affected, by the event of the suit ? The acceptance may in various aspects and events, be shown to be an acceptance for value, or an accommodation acceptance ; and the plaintiff may recover in this suit, or may fail. In any of these events, it appears to us, that the liability of the witness is the same.

Consider it as an acceptance for value, that is, where the drawee has funds of the drawer in his hands. If the plaintiff recovers of the drawer, in this suit, then the drawer will have an action against the acceptor, upon the bill thus taken up by him, it being in the case supposed, proof of a debt due him by the acceptor, or as for so much money paid to his use. The acceptor is the principal debtor, and the drawer stands in the character of surety.

In the same case, if the plaintiff fails in this suit, he has his action against the acceptor, for the amount of the draft, the acceptance being a contract binding upon the acceptor. And he would have no remedy over.

But supposing it turns out to be an accommodation acceptance ; if the plaintiff recovers against the drawer, it is true that the acceptor is forever exempted from any action, on the same acceptance. But so if the plaintiff fails to recover of the drawer, *he* will have an action against the acceptor on his contract, although he had no effects. But the acceptor, upon payment, would have his remedy over, by action, against the drawer, for whose accommodation he accepted. His pecuniary interest is precisely balanced. If it is an acceptance for value, as it appears *primâ facie*, the acceptor is liable at all events ; in one case, to the indorsee, the plaintiff, in the other, to the drawer, the defendant. If it was an accommodation acceptance, he is not ultimately liable in any event, because in one he will be exempted from an action, in the other, though liable to an action in the first instance, he has a remedy over for the like amount, which the law deems precisely equivalent

And in estimating this equipoise of interest, it is of no

importance, that the interest of the witness is to be pursued, in some events, through the medium of an action, at some trouble and cost, or that his remedy in one case, though good in law, is against a person insolvent, or of doubtful ability, or that one of the parties may be likely to be a harsh creditor, and another an indulgent one.   Nor is it any objection, that the facts now appearing on the witness's testimony, may not be so easily shown, nor perhaps shown at all, in another suit, in which the witness will be a party, and cannot be sworn as a witness. The question whether the interest of the witness will be equal, is to be determined by the facts as they now appear, upon the proof before the court, without inquiring how the same facts would be proved in another suit.   The question is, whether upon these facts as they now appear, the witness has any pecuniary interest.

*Judgment on the verdict.*