# Abbott v. May.

### Trover for Conversion of Wagon.

*Ratification of unauthorized act of person assuming to act as agent or guardian.* — Where personal property is placed, without authority, by one who assumes to act as the guardian of the owner, in the hands of another person for sale, and is sold by him ; and a promissory note for the amount of money received by him as the price is afterwards given by him, payable to the person from whom he received the property as such guardian ; the acceptance of this note by the owner of the property, with a knowledge of the circumstances under which it was given, and a demand of payment from the maker, which was refused, are not, as matter of law, such a ratification of the sale as precludes him from afterwards maintaining trover against the maker of the note, for the conversion of the property.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

SEMPLE & COCKE, for appellant. — The acceptance of the defendant's note from Porter, with a full knowledge of all the circumstances connected with the transaction, and the plaintiff's subsequent attempt to collect the note, amounted to a ratification of Porter's unauthorized act; and the plaintiff cannot afterwards maintain an action for the conversion of the wagon by the defendant. *McGowen* v. *Garrard & Morgan*, 2 Stewart, 479 ; *Alderson* v. *Harris & Merrill*, 12 Ala. 580. The sale of the wagon by the defendant was a tort, because Porter had no authority to order the sale. But it was shown that the plaintiff had ratified Porter's acts — had made a full settlement with him, and accepted the defendant's note, with full knowledge of all the circumstances ; and this ratification involved a ratification of the defendant's act also, whether the plaintiff so intended it or not. *Omnis ratihabitio retrotrahitur.*

WATTS & TROY, *contra.* — The plaintiff's cause of action, to wit, the conversion of his property by the defendant, being shown, the defendant's liability could not be discharged by anything short of a release, or the acceptance of something in satisfaction. *Spivey* v. *Morris*, 18 Ala. 254; *Leavitt* v. *Smith*, 7 Ala. 182; *Firemen's Insurance Co.* v. *Cochran*, 27 Ala. 236. A promissory note is no bar to an action on an account, unless shown to have been paid. *Mooring* v. *Insurance Company*, 27 Ala. 254.

B. F. SAFFOLD, J. — The suit, being trover by the appellee against the appellant, for the conversion of a wagon, was determined in favor of the plaintiff, on the question of his ratification of a contract made by one who assumed to act as his guardian. Porter, professing to be the guardian of the plaintiff, delivered the wagon to the defendant, to be sold. The defendant sold it, and received the purchase-money; but, not being prepared to pay when called on for a settlement, he gave a promissory note for the amount, payable to Porter as such guardian. The plaintiff, afterwards, being informed of the whole matter, accepted the note from Porter, and presented it to the defendant for payment, which was refused. He thereupon brought this suit. The court refused to charge the jury, as requested by the defendant, that the reception of the note by the plaintiff, and his demand for payment, under a knowledge of all the circumstances, precluded him from recovering in this action.

The facts which the court is authorized to declare as conclusive of the intention of a party to ratify unauthorized acts, done in his behalf by another, are such as must be inconsistent with a different intention. For instance, if the plaintiff had sued the defendant in assumpsit on the note, he could not have maintained the suit on any other ground than a ratification. Story on Agency, § 259. When the intention with which the act was done is not clear, the presumption of ratification is far less strong where no relation of agency existed. Ib. 256. Where the evidence is doubtful, and may admit of different interpretations, the question of ratification must be determined by the jury.

The plaintiff may have been very willing, and no doubt was, to accept the price obtained for his wagon; and at the same time, very unwilling to release his right of action in tort unless he obtained the money. He might not have been willing to relinquish his claim for damages, upon the payment of the money. If his acceptance or retention of the note, with knowledge of the circumstances, had induced the vendee of the wagon to make subsequent payment of the price to the defendant, it

would be considered a ratification in favor of the vendee, because his act was calculated to produce that impression, and, having done so, he is without excuse. *Cushman* v. *Loker*, 2 Mass. 106. But the mere reception of a note, and demand for its payment, even with knowledge of the circumstances, cannot, *ipso facto*, be deemed a ratification of the unauthorized contract out of which it sprang. The judgment is affirmed.

NOTE BY REPORTER. — On a subsequent day of the term, in response to an application by the appellant's counsel for a rehearing, the following opinion was delivered: —

SAFFOLD, J. — The appellant did not ask the court to charge that his act in selling the wagon would be relieved of its character as a tort, by the appellee's ratification of Porter's instruction to him to sell it. The charges asked by him asserted the proposition, that the appellee's reception of the note, and his demand for its payment, under a knowledge of all the circumstances, amounted to a ratification of Porter's acts. We held that the proposition was incorrect; that the jury must determine whether there was a ratification, when the evidence would admit of different interpretations. A rehearing is denied.